Tony M. Sain (State Bar No. 251626)
  tms@manningllp.com
Lynn Carpenter (State Bar No. 310011)
  llc@manningllp.com
Tori L.N. Bakken, Esq. (State Bar No. 329069)
  txb@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Plaintiffs,
COUNTY OF RIVERSIDE, ROBERT CREED, MARK CORDOVA, RICK ZERKEL, SHELDON GILL, AND EDWARD CHAVEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| COUNTY OF RIVERSIDE, ROBERT CREED, MARK CORDOVA, RICK ZERKEL, SHELDON GILL, AND EDWARD CHAVEZ,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGIE HARRIS SR., GOOGIE HARRIS JR., JOAQUIN LEAL III, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:20-CV-441<br><br>**COMPLAINT FOR:**<br><br>**1. FRAUD/INTENTIONAL MISREPRESENTATION**<br><br>**2. CIVIL CONSPIRACY**<br><br>**3. FALSE CLAIMS (31 U.S.C. § 3729)**<br><br>**4. RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (R.I.C.O.) (18 U.S.C. § 1962(c))**<br><br>**5. NEGLIGENT MISREPRESENTATION**<br><br>**DEMAND FOR A JURY TRIAL; NOTICE OF RELATED CASE**<br>[5:19-CV-01877-JGB-SHK] |

## COMPLAINT FOR DAMAGES

Plaintiffs COUNTY OF RIVERSIDE ("the County"), ROBERT CREED, MARK CORDOVA, RICK ZERKEL, SHELDON GILL, AND EDWARD CHAVEZ (the individuals collectively as the "Investigator Plaintiffs") (collectively as the "County Plaintiffs"), by and through their counsel of record, state and allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 31 USCS § 3729 and 18 USC §1962(c).

2. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

4. Defendant GOOGIE HARRIS, SR. is, and at all times herein alleged was, an individual residing within the State of California within the County of Riverside and/or the County of San Bernardino. Defendant GOOGIE HARRIS, SR. was the husband of victim TERRY CHEEK.

5. Defendant GOOGIE HARRIS, JR. is, and at all times herein alleged was, an individual residing with the State of California within the County of Riverside and/or the County of San Bernardino. Defendant GOOGIE HARRIS, JR. is the son of defendant GOOGIE HARRIS, SR. and he was the stepson of

victim TERRY CHEEK.

6. Defendant JOAQUIN LEAL III is, and at all times herein alleged was, an individual residing with the State of California within the County of Riverside and/or the County of Los Angeles. Defendant JOAQUIN LEAL III is the nephew of defendant GOOGIE HARRIS, SR. and/or a friend of GOOGIE HARRIS, JR.

7. All of the relevant events of the incident at issue in this action occurred within the State of California within the County of Riverside and/or the County of San Bernardino.

8. Plaintiffs are ignorant of the true names and capacities of the defendants sued as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of such fictitiously named defendants are responsible in some manner for the action and/or omissions described herein and that Plaintiffs' loss as described herein was proximately caused by the acts and/or omissions of defendants, and each of them.

9. Plaintiff the COUNTY OF RIVERSIDE (the "County") is a public entity municipality formed under the laws of the State of California. At the pertinent times of the incident described herein below, the County employed the foregoing individual defendants as investigators through its subordinate law enforcement agency, the Riverside County Sheriff's Department ("RSD").

10. Plaintiff ROBERT CREED is, and at all times alleged herein was, an individual employed by the COUNTY OF RIVERSIDE as an investigator. Plaintiff ROBERT CREED investigated the murder of TERRY CHEEK within the scope of his employment. At all times herein he resided in the State of California within the County of Riverside.

11. Plaintiff MARK CORDOVA is, and at all times alleged herein was, an individual employed by the COUNTY OF RIVERSIDE as an investigator. Plaintiff MARK CORDOVA investigated the murder of TERRY CHEEK within the scope of his employment. At all times herein he resided in the State of California within the County of Riverside.

12. Plaintiff RICK ZERKEL is, and at all times alleged herein was, an individual employed by the COUNTY OF RIVERSIDE as an investigator. Plaintiff RICK ZERKEL investigated the murder of TERRY CHEEK within the scope of his employment. At all times herein he resided in the State of California within the County of Riverside.

13. Plaintiff SHELDON GILL is, and at all times alleged herein was, an individual employed by the COUNTY OF RIVERSIDE as an investigator. Plaintiff SHELDON GILL investigated the murder of TERRY CHEEK within the scope of his employment. At all times herein he resided in the State of California within the County of Riverside.

14. Plaintiff EDWARD CHAVEZ is, and at all times alleged herein was, an individual employed by the COUNTY OF RIVERSIDE as an investigator. Plaintiff EDWARD CHAVEZ investigated the murder of TERRY CHEEK within the scope of his employment. At all times herein he resided in the State of California within the County of Riverside.

15. Non-party victim TERRY CHEEK was the wife of GOOGIE HARRIS, SR. While still married, she was having a romantic affair with HORACE ROBERTS: a coworker at her laboratory employment. HORACE ROBERTS is not a party to the instant Complaint; however, he is a plaintiff to a Complaint against the County and others regarding a related incident.

/ / /

/ / /

# GENERAL ALLEGATIONS AND FACTS COMMON TO ALL CAUSES OF ACTION AND COUNTS

16. Plaintiffs have conducted a preliminary investigation pursuant to Fed. R. Civ. P. 11 and other applicable laws and/or Rules, and based on such investigation, Plaintiffs are informed and believe and allege as follows.

17. At all times relevant to this complaint, defendants GOOGIE HARRIS, SR., GOOGIE HARRIS, JR., JOAQUIN LEAL III, and DOES 1-10, inclusive ("defendants"), were associates, confederates, family members, partners, and/or co-conspirators.

18. On or about April 14, 1998, defendants did conspire to and did kidnap and murder TERRY CHEEK (the "victim" or "decedent"), and thereafter conspired to defraud Plaintiffs and RSD and other investigators so as to frame HORACE ROBERTS for a crime he did not commit.

19. More specifically, after determining that non-party victim TERRY CHEEK was engaged in a romantic affair with her coworker, HORACE ROBERTS, defendant GOOGIE HARRIS, SR. began to seek the murder of his wife, TERRY CHEEK, and to desire revenge against his romantic rival, HORACE ROBERTS.

20. Sharing his uncle's disdain of the victim's love affair, defendant JOAQUIN LEAL III began to plot, scheme, and conspire with GOOGIE HARRIS, SR. to murder the victim and to frame HORACE ROBERTS for that murder.

21. During the process of formulating that homicidal plot, GOOGIE HARRIS, SR. and/or JOAQUIN LEAL III obtained a watch that either belonged to or was a replica of one they knew or believed to be owned or possessed by HORACE ROBERTS. As part of formulating this plan, these individuals, potentially with the aid of GOOGIE HARRIS, JR. stalked HORACE ROBERTS

and/or TERRY CHEEK in order to obtain or collect information to further their criminal scheme.

22.  While TERRY CHEEK was borrowing a vehicle belonging to HORACE ROBERTS, driving on some errands on her way to or from work, GOOGIE HARRIS, SR. and/or JOAQUIN LEAL III contacted the victim and/or forced her to stop. GOOGIE HARRIS, SR. and/or JOAQUIN LEAL III then forcibly transported victim TERRY CHEEK against her will to a different location: pulling her from her borrowed vehicle in order to confront and assault her. Plaintiffs are also informed and believe that defendants briefly contemplated seeking a ransom from HORACE ROBERTS for the victim in lieu of killing the victim.

23.  However, as a result of the confrontation, GOOGIE HARRIS, SR. and/or JOAQUIN LEAL III then killed victim TERRY CHEEK within the County of Riverside.

24.  Determined to escape responsibility for their crimes, GOOGIE HARRIS, SR. and/or JOAQUIN LEAL III then met with defendant GOOGIE HARRIS, JR. to finalize and/or formulate a plan to frame HORACE ROBERTS for the victim's murder: by defrauding law enforcement investigators, including RSD investigators.

25.  Among other criminal acts, defendants GOOGIE HARRIS, SR. and/or JOAQUIN LEAL III and/or GOOGIE HARRIS, JR. then planted a wrist watch that they believed would tie HORACE ROBERTS to the crime at the scene of the crime, not far from where they left the vehicle belonging to HORACE ROBERTS that the victim had been driving.

26.  Thereafter, when RSD investigators, including the Investigator Plaintiffs, as well as other investigators, contacted GOOGIE HARRIS, SR. and/or JOAQUIN LEAL III and/or GOOGIE HARRIS, JR., such defendants lied to such

investigators, engaging in intentional misrepresentation, so as to conceal their knowledge, mislead the investigators, and/or raise suspicions about HORACE ROBERTS. Among such material misrepresentations, the defendants omitted and/or falsified information about their whereabouts at the date and time of the victim's murder, falsely denied knowledge directly pertaining to her murder, and (with the purpose of deceiving the investigators) failed to volunteer information that would have inculpated or implicated them and/or exculpated HORACE ROBERTS.

27. In substantial reliance on defendants' false statements, deception, and criminal agreement to defraud all responding law enforcement investigators, including the County Plaintiffs, RSD investigators questioned HORACE ROBERTS as part of a homicide investigation into the murder of TERRY CHEEK. Believing in good faith that Mr. ROBERTS' inconsistent statements, plus the presence at the crime scene of a watch believed to belong to Mr. ROBERTS, indicated that Mr. ROBERTS had committed the murder of his lover, TERRY CHEEK, RSD investigators, including the Investigator Plaintiffs, arrested or facilitated the arrest of Mr. ROBERTS for the victim's murder. Moreover, based on the defendants' deception and criminal conspiracy, RSD investigators did not arrest any of the defendants.

28. After two prior mistrials, based on information provided by the Investigator Plaintiffs, a jury finally convicted HORACE ROBERTS of the murder of TERRY CHEEK. At the time, in good faith, the County Plaintiffs believed that HORACE ROBERTS had committed such heinous act, and that they had complied with all of their obligations at law leading up to his conviction.

29. More than twenty years later, technological advancements allowed the County to determine that: (a) there was no measurable DNA from Mr. ROBERTS on the watch found at the victim's murder scene; and (b) the DNA on

that watch belonged to one or more of the defendants.

30. As a result of these technological advancements, in May 2018, the County Plaintiffs learned that HORACE ROBERTS was not guilty of the murder of TERRY CHEEK and that, instead, his DNA was excluded from the evidence found with the victim; and that JOAQUIN LEAL III's DNA was on such physical evidence. Prior to this discovery, the County Plaintiffs were unaware of defendants' deception, fraud, criminal conspiracy, their involvement in the kidnapping and/or murder of TERRY CHEEK, and/or the other criminal or other misconduct of the defendants.

31. On or about October 3, 2018, HORACE ROBERTS was released from prison after serving nearly 20 years for the murder of TERRY CHEEK. On or about November 6, 2018, a California court issued a finding of factual innocence exonerating Mr. ROBERTS of the victim's murder.

32. On January 15, 2019, Mr. ROBERTS filed a claim with California's Victim's Compensation Board. On February 21, 2019, the Board ultimately adopted a January 21, 2019 hearing officer's finding awarding Mr. ROBERTS $1,044,820 as payment to Mr. ROBERTS for being wrongfully imprisoned for 7,463 days.

33. On March 29, 2019, Mr. ROBERTS served a Government Code tort claim on the County that was received on April 1, 2019. On April 5, 2019, the County denied the claim on the merits and, as to events that became actionable prior to September 18, 2018, on grounds of the claim being untimely.

34. On October 1, 2019, HORACE ROBERTS then sued the County in a related action for various claims arising from theories of wrongful conviction and/or wrongful prosecution.

35. As a result of the defendants' criminal and other misconduct and wrongdoing, plaintiff County has incurred, suffered, and lost the costs of repeated

trials of HORACE ROBERTS, of defending his related habeas petitions, of assisting in his release upon determination of his innocence, and of the costs of defense in a related civil action brought by Mr. ROBERTS, including civil defense attorneys' fees – in excess of tens if not hundreds of thousands of dollars. Plaintiff County also anticipates potential costs should Mr. ROBERTS prevail in his related civil lawsuit against the County: including payment of any damages/judgment and/or for any associated civil case settlement.

36. As a result of the defendants' criminal and other misconduct and wrongdoing, the County Plaintiffs are also informed and believe that the Investigator Plaintiffs have also incurred, suffered, and lost various costs and sums of money, including lost overtime, medical and/or therapeutic costs associated with learning of Mr. ROBERTS' innocence, as well as any costs of defense in a related civil action brought by Mr. ROBERTS, including civil defense attorneys' fees, that are not borne by the County: potentially including any payment of punitive damages in such suit.

### FIRST CAUSE OF ACTION
### (Fraud/Intentional Misrepresentation And Concealment - Against All Defendants)

37. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 39 of the above Complaint as if fully set forth herein.

38. The representations made by the defendants to the County Plaintiffs related to both past and present facts which were material in nature. Throughout the duration of the investigation and proceedings leading to the conviction of Mr. ROBERTS for TERRY CHEEK's murder, defendants falsely and fraudulently misrepresented to the County Plaintiffs that they were not involved in, or responsible for, the victim's murder and/or did not possess any knowledge whatsoever as to who was involved and/or responsible.

39. The representations made by defendants to the County Plaintiffs were in fact false. Defendants were attempting to prevent their guilt from being discovered and ensure their freedom. As detailed above, the true facts were that, on or about April 14, 1998, defendants did willfully and unlawfully murder the victim, including an unlawful forcible transportation. Defendants GOOGIE HARRIS, SR. and JOAQUIN LEAL III intentionally killed the victim while lying in wait, and GOOGIE HARRIS, JR. had knowledge of the murder and harbored, concealed, and aided the other defendants after the fact.

40. When defendants made these representations to the County Plaintiffs, defendants knew them to be false, and these representations were made by defendants with the intent to defraud and deceive plaintiffs, and with the intent to induce plaintiffs to incorrectly believe the defendants' innocence and to pursue other, truly innocent, suspects.

41. Plaintiffs, at the time these representations were made by Defendants and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of Defendants representations and believed them to be true.

42. The County Plaintiffs relied on defendants' false statements, and defendants' reliance on defendants' representations was justified because, at the time they were made, they were corroborated by the physical evidence that was available as well as some witness statements.

43. As a result of defendants' misrepresentation, the County Plaintiffs have suffered and are likely to continue to suffer damages: and thus seek relief.

44. As a direct and proximate cause of Plaintiffs' detrimental reliance on Defendants' intentional misrepresentations, and plaintiff's intentional concealment of the true facts, Plaintiffs have been damaged and will continue to be damaged in an amount to be more fully set forth at trial.

## SECOND CAUSE OF ACTION

### (Civil Conspiracy - Against all Defendants)

45. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 47 of the above Complaint as if fully set forth herein.

46. The defendants were involved in a civil conspiracy to commit these wrongs against the County Plaintiffs. Defendants were aware that each of them planned to fraudulently misrepresent and intentionally conceal their involvement in, and knowledge of, the TERRY CHEEK murder and falsely proclaim their innocence to plaintiffs; allowing HORACE ROBERTS to be wrongfully arrested, charged, and convicted for a crime defendants were responsible for committing.

47. Defendants agreed with each other, met, formulated a plan, and jointly conspired and intended that the fraudulent misrepresentation and intentional concealments as stated herein be committed – so as to advance their plans to murder TERRY CHEEK, frame HORACE ROBERTS, and thereby cause harm to the County Plaintiffs.

48. As a direct and proximate cause of defendants' conspiracy, the County Plaintiffs have been damaged and will continue to be damaged in an amount to be more fully set forth at trial.

## THIRD CAUSE OF ACTION

### (Violation of the False Claims Act - By Individual Investigator Plaintiffs Against All Defendants)

49. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 51 of the above Complaint as if fully set forth herein.

50. Defendants knowingly presented or caused to be presented to the Government false or fraudulent claims, by falsely asserting their innocence regarding the TERRY CHEEK murder, thereby causing the Investigator Plaintiffs to conduct further investigations and causing the County and other law

enforcement agencies to spend further resources prolonging the investigation, conducting an entire criminal trial and sentencing, and housing HORACE ROBERTS while incarcerated.

27. Plaintiffs, unaware of the falsity of the Defendants' statements, and in reliance on the accuracy thereof, expended their time, money, and resources as mentioned herein.

28. By reasons of the fraudulent acts of Defendants in violation of 31 USC § 3729(a)(1), the County Plaintiffs suffered substantial actual damages: including costs associated with the prosecution of HORACE ROBERTS, costs associated with defending a civil lawsuit by HORACE ROBERTS, and/or medical or therapeutic costs to the Investigator Plaintiffs associated with the recent discovery of Mr. ROBERTS' innocence, as well as other costs and damages incurred by all County Plaintiffs, as specified in this Complaint herein above and elsewhere.

51. The County Plaintiffs also suffered and continue to suffer damages that are a direct result of defendants' fraudulent misrepresentations, by impacting the integrity of their investigation and the justice system.

52. The Investigator Plaintiffs have also suffered, and/or anticipate suffering, damages, losses, and other harms arising from defendants' misconduct – in violation of federal law – and the impact of such on such plaintiffs' professional reputations.

## **FOURTH CAUSE OF ACTION**

**(Racketeer Influenced and Corrupt Organizations [R.I.C.O.] Act - Pursuant to 18 USC § 1962(c) - Against All Defendants)**

53. Plaintiffs refer to Paragraphs 1 through 55 of their Complaint and incorporate the same herein by reference as though fully set forth at length at this point.

54. At all times relevant to this complaint, defendants, and each of them, were associated and engaged in, among other criminal activities, kidnapping, acts of violence involving murder, and conspiracy.

55. Each of the defendants' actions of kidnapping and murder – and other criminal misconduct to be identified specifically upon further discovery – constitutes an instance of "racketeering activity" – as that term is defined in 18 U.S.C. § 1961(1)(A).

56. Defendants constituted an "enterprise," as defined in 18 U.S.C. § 1961(4): that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

57. The multiple acts of racketeering by the defendants were interrelated, part of a common and continuous pattern of illegal schemes, all perpetrated for the same or similar purposes, all of which occurred within 10 years of one another and all of which occurred after the effective date of the RICO Act (18 U.S.C. § 1961, *et seq*.). As a result, such acts constitute a pattern of racketeering activity as defined in 18 U.S.C. § 1961(5).

58. Defendant GOOGIE HARRIS, SR. is associated with the Enterprise and participated directly in the conduct of said Enterprise's affairs through the aforementioned pattern of racketeering activity.

59. Defendant GOOGIE HARRIS, JR. is associated with the Enterprise and participated directly in the conduct of said Enterprise's affairs through the aforementioned pattern of racketeering activity.

60. Defendant JOAQUIN LEAL III is associated with the Enterprise and participated directly in the conduct of said Enterprise's affairs through the aforementioned pattern of racketeering activity.

61. Defendants DOES 1-10 are associated with the Enterprise and

participated directly in the conduct of said Enterprise's affairs through the aforementioned pattern of racketeering activity.

62. The actions of the defendants violated 18 U.S.C. § 1961(c).

63. As a direct and proximate cause result of the Defendants' violations of 18 U.S.C. § 1961(c) – and other federal laws – the County Plaintiffs have each been injured and continue to be injured by defendants: resulting in damages, losses, costs, and harms in an amount to be more fully set forth at trial.

## FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation – Against All Defendants)

64. Plaintiffs refer to Paragraphs 1 through 66 of their Complaint and incorporate the same herein by reference as though fully set forth at length at this point.

65. During the County Plaintiffs' investigation into the murder of TERRY CHEEK, defendants GOOGIE HARRIS, SR., GOOGIE HARRIS, JR., and JOAQUIN LEAL III represented to the County Plaintiffs as true facts that were not true and for which defendants had no reasonable grounds to believe such alleged facts were true.

66. In doing so, defendants intended that the County Plaintiffs rely on such untrue facts, and the County Plaintiffs did rely on such facts.

67. As a direct and proximate result of defendants' aforementioned wrongdoing, the County Plaintiffs, each and all of them, have suffered damages, losses, costs, injuries, and harm, in an amount to be proven at trial and after authorized discovery.

///

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.   For an award of compensatory damages in amount to be determined at the time of trial;

B.   For punitive damages against defendants necessary punish and make an example of defendants;

C.   For treble damages;

D.   For interest as allowed by law;

E.   For reasonable attorney's fees and costs of suit incurred;

F.   For declaratory relief; and

G.   For such other and further relief as the Court may deem just and proper.

DATED: March 4, 2020        **MANNING & KASS**
                                           **ELLROD, RAMIREZ, TRESTER LLP**

By:   */S/ Tony M. Sain*
      Tony M. Sain, Esq.
      Lynn L. Carpenter, Esq.
      Tori L.N. Bakken, Esq.
     Attorneys for Defendants,
     COUNTY OF RIVERSIDE, *et al*.

G:\docsdata\TMS\Roberts, Horace v COR 4410-59729\Pleadings\Harris.Ds Complaint.01.docx

15

COUNTY & COUNTY INVESTIGATORS' COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Defendants, COUNTY OF RIVERSIDE, ROBERT CREED, MARK CORDOVA, RICK ZERKEL, SHELDON GILL, AND EDWARD CHAVEZ hereby demand a trial by jury on all issues that may or should be tried by jury.

DATED: March 4, 2020

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Tony M. Sain*
Tony M. Sain, Esq.
Lynn L. Carpenter, Esq.
Tori L.N. Bakken, Esq.
Attorneys for Plaintiffs,
COUNTY OF RIVERSIDE, ROBERT CREED, MARK CORDOVA, RICK ZERKEL, SHELDON GILL, AND EDWARD CHAVEZ